# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 5, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DANIEL THOMPSON, | * | |
| | * | |
| | * | No. 24-1615V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Daniel Thompson,* Roosevelt, UT, *pro se.*
*Christopher Pinto,* U.S. Dept. of Justice, Washington, D.C., for respondent

## DISMISSAL DECISION[1]

On October 9, 2024, Daniel Thompson ("petitioner") filed a claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on October 13, 2021, he suffered from Guillain-Barré Syndrome ("GBS"). *Id.* at Preamble. For the reasons set forth below, the petition is hereby **DISMISSED.**

### I.  Procedural History

Petitioner's claim was filed on October 9, 2024 and he was represented by an attorney. No medical records accompanied his petition.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

When the case was in the Pre-Assignment Review ("PAR") process, petitioner's attorney of record withdrew from representation and petitioner proceed *pro se*. *See* Motion to Withdraw (ECF No. 7). The case was reassigned to my docket on April 9, 2025. Notice of Reassignment (ECF No. 13).

The undersigned issued an Initial Order on April 23, 2025 and directed petitioner to communicate with Chambers by Mary 23, 2025. Initial Order (ECF No. 14). After missing the initial deadline, the undersigned issued an Order to Show Cause, directing petitioner to communicate immediately with the Court. Order to Show Cause (ECF No. 16).

On July 1, 2025, the undersigned held an initial Status Conference with petitioner, directing petitioner to return the Electronic Consent Form and give petitioner an opportunity to discuss his case with another attorney. Scheduling Order (ECF No. 20).

On July 29, 2025, petitioner communicated to Chambers that he was going to meet with another attorney and requested additional time to seek representation or to file additional evidence. Scheduling Order (ECF No. 21).

On September 2, 2025, petitioner communicated to the Court that he has been unable to secure representation and that he has no additional evidence to support his initial claim. Informal Communication, Sept. 2, 2025. Petitioner represented to the Court and respondent's counsel that he understands that his case will be dismissed.

**II.    Analysis**

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petitioner must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 13(a)(1). Petitioners bear a "preponderance of the evidence" burden of proof for both Table and Non-Table Claims. *Id.*

In this case, petitioner is asserting a Table-Injury but has not file any medical records to support his claim. Accordingly, petitioner has failed to demonstrate that he suffered a Table Injury or that his injury was actually caused by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk of the Court shall enter judgment accordingly**.

The Clerk of the Court is directed to mail a copy of this decision to petitioner by U.S. Mail to:

Mr. Daniel Thompson
801 W. Clubhouse Dr.
Box 70-15
Roosevelt, UT 84066

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master